ARCHIBALD MACNICHOL *vs.* ALEXANDER B. SPENCE and another.

Washington.    Announced at July Law Term, Western District, 1890.    Opinion September 30, 1890.

*Statute of Limitations.    Foreign Contracts.    Stat. 1885, c. 376.*

The Act of 1885, c. 376, which declares that, "no action shall be brought by any person whose cause of action has been barred by the laws of any state, territory, or country, while all the parties have resided therein," does not apply to a negotiable promissory note held by a citizen of this state at the time of its passage.

The Act should be construed as prospective only; and not applicable to causes of action accruing from contracts, already made and held by citizens of this state, at the time of its passage.

ON REPORT.

This was an action brought by the plaintiff, who is a citizen of this state, upon two joint and several promissory notes, dated December 10, 1874, and given by the defendant, Spence, with one McKenzie for whom he was a surety, at St. Stephen, N. B. and payable one year after date to Douglass Hyslop, or order. These persons were all citizens of the Dominion of Canada.

The plaintiff purchased the notes February 10, 1885, and began his action April 13, 1885. Interest up to December 10, 1883, had been paid by McKenzie who moved away in May, 1884, and died in the following fall. Spence testified that he had never been called upon to pay the notes until after McKenzie's removal, that he had not paid anything on them directly or indirectly, and had received no benefit from them.

It was admitted that the notes were not barred by the statutes of New Brunswick, as against McKenzie.

The defendant, Spence, besides the general issue, filed a brief statement of defense alleging that the cause of action, against him upon the notes, was barred by the laws of New Brunswick while all the parties thereto resided in said Province ; and before they were negotiated ; also that the action was barred by R. S., c. 81, § 103, as amended by the act of 1885, c. 376. The provisions of the act are quoted in the opinion by the court.

*A. MacNichol* for plaintiff.

The case finds the note was not barred by the laws of New Brunswick as against McKenzie, This fact takes the case out of our statute which, to be operative as a bar, requires the note to be barred in New Brunswick, "while all the parties resided therein." Besides, the plaintiff, the indorsee, was a "party" March 6, 1885, when the act was passed, at which time the action was not barred by the Maine statutes. Under the act of 1885, the action not being barred as to defendant and plaintiff, it was not barred as to "all the parties." The act of March 6, 1885, was never intended to be retrospective ; otherwise it would be unconstitutional. *Call* v. *Hagger*, 8 Mass. 423 ; *Sturges* v. *Crowninshield*, 4 Wheat. 122 ; *Props. Ken. Pur.* v. *Laboree*, 2 Maine, 275 ; *Sampson* v. *Sampson*, 63 *Id.* 329.

*Harvey and Gardner*, for defendants.

The cause of action here litigated is the obligation of A. B. Spence and no other. It was barred while he and Hyslop both lived in New Brunswick. It will not be pretended that a new cause of action arose fron the purchase of the note by plaintiff, when ten years old. If so, parties might make a new cause

once in five years and nine months and avoid the statute indefinitely. It is enough that indorsers of negotiable paper before maturity take it free from infirmities unknown to him.

He does not, and ought not to, stand better in any respect than the original party after maturity, and especially after it is known to be barred between the parties in their own country and can have no value except such as can be infused into it by its transfer to another jurisdiction foreign to it.

Hyslop had no claim by virtue of the contract to bring an action in this state against his fellow-citizen and was barred in his own courts. No such right attached to it in his hands that he can object to our statute denying the remedy because it gave him no time to avail himself of his remedy.

He could convey no better right than he had and, at most, that was the chance of suing his fellow-citizen, beyond the jurisdiction, if he ever came here, for a cause barred in the country of the domicil of both.

The objection that the law of 1885 is retroactive and unconstitutional does not apply. That objection only attaches to a law that acts on vested rights. This statute does not cut off a right vested in anybody; it simply recognizes and adopts a shield that a foreign state has spread over its citizen to protect him from his fellow-citizen.

The attitude of our law toward a foreigner is this : We say, You had a right, the remedy to enforce which by the legislative wisdom of this and of your own government your own neglect has justly forfeited. You shall not revive it by catching him when he comes from your country to ours.

Defendant was not in the state when the statute was passed nor when the plaintiff bought the notes. What right vested in him? The exemption from suit on the notes had vested in defendant ; our law protects that right.

It is competent for the legislature to take away a remedy given by express statute by the simple repeal of the enabling statute though the action be pending at the time of the repeal ; and such is the effect of such repeal without a saving clause. See *Plantation* v. *Thompson*, 36 Maine, 365.

The right of action in our courts against one dwelling in a foreign country does not become vested till he comes or in some way brings himself within the jurisdiction. The legislature has unquestionably power to take away a remedy so long as no right has vested in the remedy, that is, so long as no action has been commenced; much more while such a state of things exists that no action could be commenced.

See *Coffin* v. *Rich*, 36 Maine, 511, where DAVIS, Justice, in the opinion says there can be no doubt legislatures have power to pass retrospective statutes if they relate only to the remedy. Story Confl. Laws, § § 576-7, and cases cited in notes.

WALTON, J. The question is whether the act of 1885, c. 376, which declares that "no action shall be brought by any person whose cause of action has been barred by the laws of any state, territory or country, while all the parties have resided therein," is applicable to a negotiable promissory note held by a citizen of this state at the time of its passage.

Clearly not. To so construe the act would render it unconstitutional. Statutes of limitation may be made applicable to existing contracts, provided a reasonable time is allowed for the commencement of actions before the right to do so is barred. But, it is well settled that the legislature can not enact a law declaring that all remedies, for the breach of existing contracts, shall become instantly barred. Such a law, say the court, in *Call* v. *Hagger*, 8 Mass. 423, would necessarily impair the obligation of such contracts, and the courts would be bound to consider it a void act. And in *Brigham* v. *Bigelow*, 12 Met. 268, the court say that such a law would destroy the contract within the jurisdiction of the state, and be a mere abuse of power. And in this state, in a case in which the validity and effect of statutes of limitation were very exhaustively examined, the court held that an act which should at once deprive creditors of all legal remedy for the recovery of existing demands would unquestionably violate the constitution by impairing the obligation of contracts; and that the courts would be bound to consider it as void. *Pro. Ken. Pur.* v. *Laboree*, 2 Maine, 275.

The act, therefore, must be construed as prospective only. It

must not be construed as applicable to causes of action accruing from contracts already made and held by citizens of this state at the time of its passage. So limited, very clearly, it is no bar to the plaintiff's action. *Thompson* v. *Reed,* 75 Maine, 404, and cases there cited.

*Judgment for plaintiff.*

PETERS, C. J., VIRGIN, LIBBEY, HASKELL and WHITEHOUSE, JJ., concurred.