EZRA A. CARPENTER *vs.* HERBERT C. HADLEY,
Administrator of the Estate of Charles H. Hadley, Deceased.

Waldo.    Opinion January 19, 1920.

*Right of action by creditors against administrator or executor.    Rule as to limitation of actions.    General rule as to Statutes having a prospective operation only unless the legislative intent is clearly expressed or necessarily implied from the language used.*

This is an action of assumpsit on six promissory notes, and is before the court on report upon an agreed statement of facts.    Three notes matured before the debtor's death, and three thereafter.

*Held:*

1.   When this action was brought, the period of eighteen months, provided for in R. S., Chap. 86, Sec. 95, amended by Act of 1917, Chap. 133, for commencing suits against administrators had elapsed.

2.   This statute permits the bringing of actions within that period, and "not afterward if barred by the other provisions hereof."

3.   The other provisions referred to are those of the general six year statute of limitations.

4.   In case of the three notes which matured and actions on which accrued before the debtor's death, the general limitation had expired in 1911 and 1912.    As to those three notes therefore the plea of bar by limitation must prevail.

5.   The plaintiff, however, is not debarred from now proceeding to collect the three last mentioned notes.

Action of assumpsit against administrator to recover the amount of six notes signed by deceased.    Defendant filed plea of general issue; also brief statement alleging that the action was barred by the Statute of Limitations.    Case was reported to Law Court upon agreed statement.    Judgment in accordance with opinion.

Case stated in opinion.

*Dunton & Morse,* for plaintiff.

*F. W. Brown, Jr.,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, WILSON, DEASY, JJ.

HANSON, J. This is an action of assumpsit on six promissory notes, and is before the court on report upon an agreed statement of facts, which, omitting full description of the notes in question, is as follows:

"Charles H. Hadley died November 9, 1906. At the time of his decease Ezra A. Carpenter was the legal owner and holder of the notes described in the writ, viz:

One note $40 and interest dated May 1, 1905, payable on demand. One note $100 and interest dated May 20, 1905, payable on demand. One note $110 and interest dated May 22, 1905, payable in one year. One note $60 and interest dated December 28, 1905, payable in one year. One note $60 and interest dated December 28, 1905, payable in two years. One note $50 and interest, dated December 28, 1905, payable in three years.

These notes were all signed by Charles H. Hadley.

The payments indorsed on said notes after the decease of said Charles H. Hadley were made by his widow.

Herbert C. Hadley was appointed administrator of the estate of Charles H. Hadley, deceased, June 12, 1917, and filed in the Probate Court affidavit of notice of his appointment as such administrator on July 10, 1917.

On August 28, 1917, the plaintiff delivered his claim, supported by affidavit as required by law, to F. W. Brown, Jr., attorney for said Herbert C. Hadley administrator and on the fourth day of January, A. D. 1919, filed his said claim, supported by affidavit, in due form in the Probate Court for said County of Waldo.

The writ in this action is dated February 4, 1919. A real estate attachment was made thereon February 7, 1919, and the writ served on the defendant February 10, 1919.

Interest was paid on all these notes until May 12, 1913, all said payments having been made by the widow of Charles H. Hadley.

The defendant by way of brief statement pleaded the general statute of limitations, and relies upon the same as a defense to this action, and in his brief adds, that "the provisions of Section 13, Chapter 133, Public Laws of 1917, which adds Section 109 to Chapter 86, Revised Statutes, settles this case, if retroactive."

Upon the facts stated it appears that the administrator complied with the statute by filing the affidavit of notice of his appointment, and that the plaintiff delivered his claim to the administrator, and filed the same in the Probate Court as required by law. The action, then, is properly brought and may be maintained unless barred by limitation.

When this action was brought the period of eighteen months, provided for in R. S., Chap. 86, Sec. 95, amended by Act of 1917, Chap. 133, for commencing suits against administrators had elapsed.

This statute permits the bringing of actions within that period and "not afterward if barred by the other provisions hereof."

The other provisions referred to are those of the general six year statute of limitations.

In case of the three notes which matured and actions on which accrued before the debtor's death, the general limitation had expired in 1911 and 1912. As to those three notes therefore the plea of bar by limitation must prevail.

The plaintiff however is not debarred from now proceeding to collect the three last mentioned notes.

In deciding a case of similar import and principle, but on a different state of facts, this court stated what has been recognized as the proper procedure in this class of cases as follows: "If the next of kin decline to administer, any creditor, if he can find property of his deceased debtor, may have administration committed to some suitable person. If he prefers to await the action of the next of kin or others interested, he still has two years after the appointment of an administrator within which he may proceed, but no more, if his claim would be barred had his debtor remained alive." *Lancey* v. *White*, 68 Maine, 28. A creditor now has eighteen months, as above stated.

Sec. 13, Chap. 133, Public Laws of 1917, to which defendant refers, reads as follows: "Where no administration is had upon an estate of a deceased person within six years from the date of death of said decedent, and no petition for administration is pending, all actions upon any claim against said decedent shall be barred."

The defendant's counsel urges that the above section, if retroactive, settles the case in his favor. But even if intended to be retroactive, its provisions do not effect this case, because the Act took effect July 6, 1917, ninety days after the recess of the Legislature by which

it was passed, while the administrator was appointed June 12, 1917, and the statute in terms excepted from its purview cases where a petition for administration is pending.

But it was not the legislative intent to make this section retroactive. There is no express reference therein to estates of persons deceased before its passage, or language used from which an intention to include such estates can be implied. To hold otherwise would be a violation of the fundamental rule for the construction of statutes, "that they will be considered to have a prospective operation only unless the legislative intent to the contrary is clearly expressed or necessarily implied from the language used." *Deposit Co., Applt.,* in re Pope, 103 Maine, 382; *Lambard, Appellant*, 88 Maine, 587; *Dyer* v. *Belfast,* 88 Maine, 140; *Chew Heong* v. *U. S.,* 112 U. S., 559.

In *Soper* v. *Lawrence,* 98 Maine, 283, the court emphasized the doctrine first announced in the *Proprietors of Kennebec Purchase* v. *Laboree,* 2 Maine, 275, that "the allowance of a reasonable time for the prosecution of claims after the passage of an act of limitation made to take effect upon existing rights, is the settled principle by which the constitutionality of all such acts is tested." Lewis' Sutherland Statutory Construction, 2nd ed., Vol. 2, page 1283; *Sanford* v. *Hampden Paint &c. Co.,* 179 Mass., 10, 14.

The Act took effect within thirty days after the appointment of the administrator, and if the defendant's contention is correct, there has never been a time when the plaintiff could have maintained an action against the administrator. R. S., Chap. 92, Sec. 14. Such result was not intended by the Legislature, and therefore Section 13 cannot be so construed.

The entry will be,

> *Judgment for the plaintiff*
> *for the three notes falling*
> *due after the death of the*
> *debtor.*