SAMUEL L. MILLER *vs*. LOUIS F. FALLON.

Kennebec.          Opinion, February 3, 1936.

146

*Carleton & Donovan,*
*Clifford & Clifford,* for plaintiff.
*Locke, Campbell & Reid,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

STURGIS, J. This is an action on the case to recover compensation for losses suffered by the plaintiff as a result of alleged malpractice by the defendant, a practicing physician and surgeon. The defendant having seasonably pleaded the statute of limitations, by consent of the parties the case is reported on an agreed statement of facts.

The report shows that on November 18, 1929, the defendant operated on the plaintiff for hemorrhoids and, until January 9, 1930, following, continued with post-operative treatment. It is agreed that the acts and omissions of alleged malpractice charged in the writ occurred between November 18, 1929, and January 15, 1930, which confines the accrual of the plaintiff's cause of action, if any, to that period. This suit was begun on August 15, 1935, and duly entered at the return term.

The general statute of limitations in force when this malpractice is alleged to have been committed barred the maintenance of any action of assumpsit or upon the case founded upon any contract or liability, express or implied, and all other actions on the case except for slanderous words and for libel, if not commenced within six years after the cause of action accrued. R. S. 1916, Chap. 86, Sec. 85. Actions for assault and battery, and for false imprisonment, slander and libel, were then barred unless commenced within two years after the cause of action accrued. R. S. 1916, Chap. 86, Sec. 87. These limitations upon personal actions were embodied without change in the next revision of statutes. R. S. 1930, Chap. 95, Secs. 90, 92.

By Public Laws 1931, Chap. 62, approved March 20, 1931, and effective July 2, 1931, the time allowed for the commencement of action for malpractice, which had previously been governed by the general law, was reduced to two years by an amendment adding this class of actions to R. S., Chap. 95, Sec. 92, which now reads:

"Actions for assault and battery and for false imprisonment, slander and libel, *and malpractice of physicians and all others engaged in the healing art*, shall be commenced within two years after the cause of action accrues."

The defendant invokes this statute and, on the brief, argues that it should be construed as retroactive, barring the plaintiff's suit upon this cause of action which accrued prior to the passage of the law and upon which suit was postponed until after the new limitation had expired.

There can be no well-grounded dissent from the settled rule that the legislature has full power and authority to regulate and change the form of remedies in actions if no vested rights are impaired or personal liabilities created. There is no constitutional inhibition against the enactment of retroactive legislation which affects remedies only. *Soper* v. *Lawrence Bros. Co.*, 98 Me., 268, 56 A., 908; *MacNichol* v. *Spence*, 83 Me., 87, 21 A., 748; *Berry* v. *Clary*, 77 Me., 482, 1 A., 360; *York* v. *Goodwin*, 67 Me., 260; *Sampson* v. *Sampson*, 63 Me., 333; *Proprs. Ken. Purch.* v. *Laboree*, 2 Me., 293. Statutes of limitation fall within this rule. They are laws of process and where they do not extinguish the right

itself, are deemed to operate on the remedy only. *Lamberton* v. *Grant*, 94 Me., 508, 518, 48 A., 127; *Lunt* v. *Stevens*, 24 Me., 537; *Mason* v. *Walker*, 14 Me., 166; *Proprs. Ken. Purch.* v. *Laboree*, supra. It is equally well settled that statutes of limitation may be made applicable to existing rights and causes of action provided a reasonable time is allowed for the prosecution of claims thereon before the right to do so is barred. *Carpenter* v. *Hadley*, 118 Me., 440, 108 A., 679; *Soper* v. *Lawrence Bros. Co.*, supra, affirmed 201 U. S., 359; *MacNichol* v. *Spence*, supra; *Sampson* v. *Sampson*, supra; *Proprs. Ken. Purch.* v. *Laboree*, supra; *Cooley's Const. Lim.* (7th Ed.), 523; *Lewis' Sutherland Stat. Const.* (2nd Ed.), Vol. II, Sec. 706; *Wood on Lim. of Action*, Vol. 1, Sec. 11.

It does not follow, however, that, because the legislature possessed the power to enact a retroactive statute of limitations, that it did so in the passage of the amendment under consideration. The language of that act is general and makes no reference to causes of action which had already accrued. It contains no provision expressly embracing causes of action which had accrued prior to its passage as in the statute construed in *Quimby* v. *Buzzell*, 16 Me., 470. There is no saving clause expressly exempting such causes of action from its operation, indicating a legislative intent to make it apply only to future actions, as in *Weymouth* v. *Gorham*, 22 Me., 385. Nor is a period provided for the presentation of accrued claims after the passage of the act, clearly demonstrating an intention to make the new limitation effective upon such claims, as in *Sampson* v. *Sampson*, supra, and *Soper* v. *Lawrence Bros. Co.*, supra.

Barren of such express commands or convincing implications, the limitation can not be deemed to have been intended to be retroactive. It must be construed by the fundamental rule of statutory construction strictly followed by this Court that all statutes will be considered to have a prospective operation only, unless the legislative intent to the contrary is clearly expressed or necessarily implied from the language used. *Carpenter* v. *Hadley*, supra; *Dyer* v. *Belfast*, 88 Me., 140, 33 A., 790; *Deake, Appellant*, 80 Me., 50, 12 A., 790; *Rogers* v. *Greenbush*, 58 Me., 397; *Cooley's Const. Lim.*, 455; *Endlich on Inter. of Stat.*, 271, 279; *Wood on Lim. of Action* (2nd Ed.), Vol. 1, p. 41.

In *Hathaway* v. *Merchants' Trust Co.*, 218 Ill., 580, 75 N. E., 1060, that Court said:

"While it is undoubtedly within the power of the legislature to pass a statute of limitations or to change the period of limitation previously fixed and to make such statute or changes applicable to existing causes of action, yet such a statute is not to be readily construed as having a retroactive effect, but is generally deemed to apply merely to causes of action arising subsequent to its enactment, and the presumption is against any intent on the part of the legislature to make the statute retroactive. . . . The statute will only be given a retroactive effect when it was clearly the intention of the legislature that it should so operate. . . . And even where this intention clearly appears, it will not be given effect if to do so would render it unreasonable or unjust. If a reasonable time is given for bringing a suit or filing claims after the amendment takes effect, it may be valid and binding. . . .

"The plaintiffs in error contend that as there were about eight months after the act was approved and six months and thirteen days after it took effect within which the defendant in error could have filed its claim, this was a reasonable time, and that the new limitation should prevail. The act must be applied generally to all claims and to all estates. A single claim or a single estate can not be pointed out in which the act applies, and then say it does not apply to any other claim or to any other estate. It an estate had been pending for more than one year at the time the amendment went into effect, then all outstanding claims which had not been filed in the probate court would be entirely cut off, as far as the statute is concerned, without any opportunity to recover against the estate unless an equitable rule was applied. If an estate had been pending less than a year at the time the amendment went into effect, then the time within which claims might be filed would be cut down all the way from one day to one year. Applying the rule of uniformity to this amendment, we can not say that a reasonable time was left creditors in which to file claims or that it was the intention of the legislature that the amendment should be retroactive."

The application of this last observation to the limitation we are considering is obvious. Giving the limitation a retroactive effect would bar actions of malpractice which had accrued more than two years before it went into effect and cut down the time in which actions had accrued within two years could be begun all the way from one day to two years. *Hathaway* v. *Merchants' Trust Co.* is affirmed in *George* v. *George*, 250 Ill., 251, 95 N. E., 167. The principles there enunciated are reviewed and adopted in *Adams & Freese C.* v. *Kenoyer, et al.*, 17 N. D., 302, 116 N. W., 98.

In *Casto* v. *Greer*, 44 W. Va., 332, 30 S. E., 100, 101, that Court said:

"A cardinal rule in interpreting statutes is to construe them as prospective in operation in every instance, except where the intent that they shall act retrospectively is expressed in clear and unambiguous terms, or such intent is necessarily implied from the language of the statute, which would be inoperative otherwise than retrospectively. In doubt it should be resolved against, rather than in favor of, retrospective operation. Statutes of limitations are no exceptions to the rule that statutes are prima facie to be given only prospective operation. . . .

"The provisional relied on in this case is contained in chapter 4, acts 1895, re-enacting section 2, chapter 123, Acts 1891, being section 2, chapter 74, Code, and is in these words: 'But if such transfer or change be admitted to record within eight months after it is made, then such suit to be availing must be brought within four months after such transfer or charge was admitted to record.' Nothing is contained in the enactment indicating in any way that this provision was to apply to transfers or charges made prior to the passage thereof, nor could it so apply without being made to bar all such prior preferences recorded four months prior to the passage of the act. The circuit court meets this difficulty by amending the act so as to make it read that, to avoid any such preferences now in existence, suit must be brought within four months after the passage thereof. *This is a good suggestion, and it would probably have been adopted by the legislature*

*had it been presented in time, but the courts are not authorized to supply the omissions of the legislature, even though such omissions do produce confusion. It is the duty of the courts to construe, and not to legislate."*

It is the rule also in Michigan that statutes of limitation must be construed to operate prospectively only, unless their terms clearly indicate a different intent, and legislation in general terms not indicating a contrary intent, must be deemed to have a prospective operation only. *McKisson* v. *Davenport*, 83 Mich., 211, 47 N. W., 100, and cases cited. And in respect to lack of uniformity in the operation of such a statute, in *Ludwig* v. *Stewart*, 32 Mich., 26, 28, it is said:

"It is very evident that there is no definite time fixed by this statute within which actions shall be commenced, in so far as it is intended to have a retroactive operation. Under it cases will arise where the time within which the action must be commenced would be so short that it would be held unreasonable and void, while in others the time would be ample. Whether the time allowed in a given case would be sufficient or not must depend altogether upon the question as to the time when the cause of action accrued. And it is doubtful whether any two cases would be found alike. A decision under such a statute, while applicable to all cases coming within the time passed upon in such case would have but little, if any application in most others likely to arise. The effect of such a statute is to compel every man to decide for himself and at his peril, what will be considered a reasonable time within the judgment and opinion of the court of last resort. Again, cases must necessarily arise so near the dividing line that it would become a difficult matter for the court to say, under all the circumstances, whether the time allowed was sufficient and reasonable or not. And in all these cases it would still remain a matter of doubt whether the legislature would have come to the same conclusion and would have passed a statute fixing the same time which the court did. Indeed, it is evident that the limitation would be one fixed by the court, and not by the legislature. This court assumes no such power."

The doctrine of the cases just cited is upheld in *Bonfils* v. *Public Utilities Com.*, 67 Col., 563, 189 P., 775; *Thoeni* v. *Dubuque*, 115 Iowa, 482, 88 N. W., 967; *Boyd* v. *Barrenger*, 23 Miss., 269; *Nichols* v. *Briggs*, 18 S. C., 473; *Day* v. *Pickett*, 4 Munf. (Va.), 104.

We are fully aware that in Massachusetts a different rule prevails. It is there held that, inasmuch as statutes of limitation relate only to the remedy, they may control future procedure upon existing causes of action where they contain no language clearly limiting their application to causes arising in the future. *Mulvey* v. *Boston*, 197 Mass., 178, 83 N. E., 402. But, as is pointed out by that Court, the adoption of this rule is a direct repudiation of the principle that statutes are presumed to be prospective and not retroactive in operation. This is the interpretation put upon *Mulvey* v. *Boston* in the recent case of *E. S. Parks Shellac Co.* v. *Jones*, 265 Mass., 108, 112, 163 N. E., 883.

Nor have we overlooked the Federal rule, as it is termed, that such a statute is deemed to affect existing causes of action only from the time they are first subjected to its operation. *Sohn* v. *Waterson*, 17 Wall. (U. S.), 596. See *Carson* v. *Railroad Company*, 128 N. C., 95, 38 S. E., 287; *Culbreth* v. *Downing*, 121 N. C., 205, 28 S. E., 294. This rule is also in direct conflict with the presumption that statutes of limitation operate prospectively. Under it, the Court, of its own volition, extends the period of limitation prescribed by the legislature. The rule is founded on the hypothesis that, if the new limitation be made to apply only to causes arising after the passage of the act, all existing actions would be without limitations, a result not intended by the legislature. *Sohn* v. *Watterson*, supra. No such result would follow in the case at bar. The old statute of limitations still applies to existing causes of action.

Counsel for the defendant urge this Court to construe Chapter 62, P. L. 1931, as applying to such existing causes of action *only* as have already run out a portion of the original statutory time but which still have a reasonable time left for prosecution before the bar of the new statute attaches, thus leaving all other actions accruing prior to the passage of the law unaffected by its provisions. We find no support for this rule. It has been adverted to by law writers, but its general acceptance is not recorded. It was re-

jected as arbitrary and unsound in *Sohn* v. *Watterson*, supra. It violates the rule of uniformity of *Hathaway* v. *Merchants' Trust Co.*, supra, and *Ludwig* v. *Stewart*, supra. Under it, the statute would be unconstitutional as to actions which had accrued two years or more before its passage, or at a time which did not allow a reasonable period for their prosecution thereafter. This rule is not accepted in the opinions of this Court in *Sampson* v. *Sampson*, supra, or in *MacNichol* v. *Spence*, supra. There is nothing in the opinions in those cases to support that argument advanced on the brief.

We are of opinion, therefore, that the time for the commencement of this action for malpractice here in suit is limited only by the provisions of the general statute of limitations in R. S. 1930, Chap. 95, Sec. 90. It is not barred by P. L. 1931, Chap. 62. In accordance with the stipulations of the report, the cause must be remanded to the Superior Court for trial.

*So ordered.*