ROBERT E. HUBERT

*vs.*

NATIONAL CASUALTY COMPANY

York.   Opinion, July 28, 1958.

*Armstrong, Marshall, Melnick & Caron,* for plaintiff.

*Crowley & Nason,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

WILLIAMSON, C. J. On exceptions. This is an action brought under R. S., 1954, c. 113, § 40 to recover upon an insurance policy defined by statute as a "policy of accident and sickness insurance." R. S., 1944, c. 56, § 109, enacted P. L., 1949, c. 421, now R. S., 1954, c. 60, § 116.

The defendant pleaded the general issue with special matter of defense that the action is "barred by reason that the same was not brought within two years, as provided by the Standard Provisions of said Policy."

The issue in the case plainly appears from the stipulation of the parties and the ruling by the Justice of the Superior Court who heard the case without a jury and found for the defendant as follows:

> "It is stipulated by and between the parties that the last date a proof of claim could be filed was more than three years and twenty-one days from

the date of the commencement of this action and less than six years and twenty-one days from the date of the commencement of this action. THE COURT: I rule as a matter of law that the action is barred by the statute of limitations, it having been specially pleaded, and that the applicable statute of limitations provides that the action must be commenced within three years of the date the cause of action arises."

The controlling limitation upon bringing the action is found in Section 14 of the insurance policy, which reads:

"No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after proof of loss has been filed in accordance with the requirements of this policy, nor shall such action be brought at all unless brought within two years from the expiration of the time within which proof of loss is required by the policy."

The "twenty-one days" phrase in the stipulation was designed to eliminate from the case any question of the time of bringing the action arising from the twenty day period in Section 4 of the policy, reading:

"Written notice of injury or of sickness on which claim may be based must be given to the Company within twenty days after the date of the accident causing such injury or within ten days after the commencement of disability from such sickness."

From the record it appears: The policy was issued November 28, 1951, for the period ending January 1, 1952, was then renewed in accordance with its terms, and was in effect at the time of the injury to the plaintiff's wife on July 22, 1952. The present action was brought on November 28, 1956.

The statute in force when the policy was issued, when renewed, and until amended in 1953 provided in part as follows:

"Sec. III.

**I.** No such policy shall be delivered or issued for delivery in this state unless:

\* \* \* \* \* \* \* \*

**II.** . . each such policy shall contain in substance the following provisions or, at the option of the insurer, corresponding provisions which in the opinion of the commissioner are more favorable to the policyholder:

\* \* \* \* \* \* \* \*

**N.** A standard provision limiting the time within which suit may be brought upon the policy as follows:

14. . ." (Identical with Sec. 14 of the policy quoted above). R. S., 1944, c. 56, § 109 et seq., enacted P. L., 1949, c. 421.

Clause N of the 1949 Act was amended in 1953 to extend the period of bringing action from 2 to 3 years. R. S., 1944, c. 56, § 111, subsection II-11, enacted P. L., 1953, c. 114, § 111, subsection II-11.

Without substantial change the provision now reads:

"No action at law or in equity shall be brought to recover on this policy prior to the expiration of 60 days after written proof of loss has been furnished in accordance with the requirements of this policy. No such action shall be brought after the expiration of 3 years after the time written proof of loss is required to be furnished."

R. S., 1954, c. 60, § 118, subsection II-A 11.

The 2-year limitation in the policy bound the plaintiff. It did not run counter to public policy, but on the contrary was written in the precise words of the standard provision stated in the 1949 statute. 29 Am. Jur., *Insurance* § 1394; 46 C. J. S., *Insurance* § 1256; 20 Appleman on Insurance

§ 11601. The policy, when it became effective on renewal for the period within which the loss occurred, was thus governed by the 1949 statute with the 2-year limitation on bringing actions.

In our view there is nothing in the present statute, first enacted in P. L., 1953, c. 114, that compels us to apply the 3-year limitation on actions then provided in the standard provision to policies which were lawfully issued and delivered under statutes providing otherwise. We are of the view the 1953 Act was prospective and not retrospective in its operation. In *Miller* v. *Fallon*, 134 Me. 145, 183 A. 416, we held that a statute shortening the period of limitation was prospective in operation. The same principle is applicable in the present situation.

The plaintiff gains nothing from the "general provisions" in the policy, as follows:

> "If any limitation of this policy with respect to the bringing of an action at law or in equity is less than that permitted by the law of the state in which the Insured resides at the time this policy is issued, such limitation is hereby extended to agree with the minimum period permitted by such law."

We construe this language to refer to the law in force at the time of the issuance of the policy, or, as here, when it became effective on renewal. It did no more than bring the policy to the minimum standard set by existing statute. The same result is reached by statute. R. S., 1944, c. 56, § 112, enacted P. L., 1949, c. 421, now R. S., 1954, c. 60, § 119.

The plaintiff fails in his argument that no statute of limitation was pleaded and that the usual 6-year statute is applicable to statutory actions upon insurance policies. R. S., c. 112, § 90, subsection IV; R. S., c. 113, § 40.

There was nothing more for the defendant to plead than that the action was barred by the effective 2-year limitation

in the policy. It is this provision that was made "standard" by the statute.

There is a suggestion in the brief of the plaintiff that the instant policy is a blanket or group policy to which the standard provision does not apply. The plaintiff is plainly in error in this view. The policy is a family policy covering a husband, wife, and two children, of whom the elder was about ten years of age. Such a policy is within the type of policy covered in the 1949 Act, now R. S., 1954, c. 60, § 118, subsection I-A 3.

We conclude therefore that the action was barred under the 2-year "standard provision" in the policy. That the decision in the Superior Court was based on a wrong reason is immaterial in view of the right result.

The entry will be

*Exceptions overruled.*