Stanley DOBSON

v.

**QUINN FREIGHT LINES, INC.**

Supreme Judicial Court of Maine.

Argued Jan. 14, 1980.

Decided June 11, 1980.

Preti, Flaherty & Beliveau, Thomas M. Egan (orally), Robert E. Burns, Portland, for plaintiff.

Robinson & Kriger, Roland Beaudoin (orally), Sarah Allison Thornton, James S. Kriger, Portland, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, GLASSMAN and ROBERTS, JJ.

GODFREY, Justice.

Stanley Dobson injured his back in January, 1966, while employed by Quinn Freight Lines. Quinn, a self-insurer, paid workers' compensation benefits to Dobson pursuant to two approved agreements. The payment of benefits ended, by agreement, in October, 1967. Dobson re-injured his back in August, 1975, when he was no longer working for Quinn.

In June, 1977, Dobson filed a petition for medical expenses, naming Quinn as the responsible employer because of a causal connection between the 1966 injury and the 1975 re-injury. The Commission found a causal relationship between the injuries but dismissed the petition on the ground that it was barred by the ten-year limitation period provided in section 95 of title 39 of the Revised Statutes as that section read in January, 1966, when the original injury occurred. From a pro forma decree of the Superior Court, Dobson duly appealed to this Court. We sustain the appeal.

The sole issue is whether the Commission erred in applying the version of section 95 in force at the time of Dobson's original accident instead of the present version. The relevant amendment became effective in February, 1966. At the time of Dobson's original injury, section 95 provided as follows:

Any employee's claim for compensation under this Act shall be barred unless an agreement or a petition as provided in section 94 shall be filed within 2 years after the date of the accident. Any time during which the employee is unable by reason of physical or mental incapacity to file said petition shall not be included in the period aforesaid. If the employee fails to file said petition within said period because of mistake of fact as to the cause and nature of the injury, he may file said petition within a reasonable time. In case of the death of the employee, there shall be allowed for filing said petition one year after such death. No petition of any kind may be filed more than 10 years following an accident.[1]

Section 8 of P.L.1965, ch. 489, effective February 1, 1966, amended the last sentence to provide:

No petition of any kind may be filed more than 10 years following the date of the latest payment made under this Act.

If the amended version should apply to the present case, Dobson's petition would not be barred.

The Commission based its decision on *Reggep v. Lunder Shoe Products Co.*, Me., 241 A.2d 802 (1968), which dealt with an amendment to the statutory formula for the computation of permanent impairment awards. We held that the employee had a vested right to compensation in the amount provided by statute at the time of his injury, which amount, we said, could not be changed by subsequent legislation. 241 A.2d at 804. The principle of *Reggep* does not apply to the present case. Here, the change in the statute does not enlarge or diminish any substantial right of the employee; it has merely the effect of enlarging one of the time limitations on the filing of a claim. As this Court held in *Norton v. Penobscot Frozen Food Lockers, Inc.*, Me., 295 A.2d 32 (1972), section 95 affects only the procedure for making a claim; it does not qualify the substantive right itself. Thus we determined in *Norton* that an employee's non-compliance with section 95 does not deprive the Commission of jurisdiction to entertain the claim; non-compliance is merely a defense, which may be waived.

Quinn defends the Commissioner's result by arguing that the legislature did not intend the amendment enacted by P.L.1965, ch. 489, § 8, to apply "retroactively", citing *Miller v. Fallon*, 134 Me. 145, 183 A. 416 (1936), for the proposition that there is a presumption that legislation applies "prospectively" only. We have applied that

1. The quoted version of section 95, in effect at the time of the injury, had been enacted at the regular session of the 1965 legislature by P.L. 1965, ch. 408, § 9, effective November 30, 1965. The change in the last sentence effected by

P.L.1965, ch. 489, § 8 was enacted at the special session of the 1965 legislature as part of a statute with an emergency preamble, entitled "An Act Clarifying Certain Laws Under the Workmen's Compensation Act".

principle most recently in *Coates v. Maine Employment Security Comm'n*, Me., 406 A.2d 94 (1979), where we held that the Employment Security Commission should have applied the disqualification provision of the unemployment compensation statute as it stood when the claimant left her job, not as it had been amended when she filed her claim. Quinn argues that because the amendment of section 95 and its legislative history are both silent on the question of "retroactive" effect, the amendment must be deemed "prospective" only.

*Miller v. Fallon, supra,* was an action for medical malpractice. The statute of limitations for such actions had been amended to shorten the limitation period from six years to two after the alleged malpractice had occurred but before the action was brought. The Court held that the change in the limitation period was to be treated as having only a "prospective" operation, "unless the legislative intent to the contrary is clearly expressed or necessarily implied from the language used". 134 Me. at 151, 183 A. at 417.

██ However, in the present case the effect of the amendment was to extend the period of limitation, not to shorten it, as in *Miller.* The constructional preference for prospective application does not require that an amendment extending a statute of limitations be deemed "retroactive" if it does not change the legal consequences of acts or events that occurred prior to the effective date and affects only the procedure for enforcement of claims arising from such acts or events as long as the claims have not yet been barred by the previous statute of limitations in force at the time the amended version became effective. The following definition of retroactivity appearing in the opinion of the Maryland Court of Appeals in *State Comm'n on Human Relations v. Amecon Division of Litton Systems, Inc.*, 278 Md. 120, 123, 360 A.2d 1, 3–4 (1976), is applicable here:

A retroactive statute is one which purports to determine the legal significance of acts or events that have occurred prior to the statute's effective date. *See* Greenblatt, *Judicial Limitations on Retroactive Civil Litigation,* 51 Nw.U.L.Rev. 540, 544 (1956). Thus a statute, though applied only in legal proceedings subsequent to its effective date and in that sense, at least, prospective, is, when applied so as to determine the legal significance of acts or events that occurred prior to its effective date, applied retroactively. . . .[2]

██ Legislation which lengthens the limitation period on existing viable claims does not have the effect of changing the legal significance of prior events or acts. It does not revive an extinguished right or deprive anyone of vested rights. No one has a vested right in the running of a statute of limitations until the prescribed time has completely run and barred the action. *Davis & McMillan v. Industrial Accident Comm'n,* 198 Cal. 631, 246 P. 1046 (1926); *Panzino v. Continental Can Co.,* 71 N.J. 298, 364 A.2d 1043 (1976); *Nichols v. Wilbur,* 256 Or. 418, 473 P.2d 1022 (1970). *See* Annot., 79 A.L.R.2d 1080 (1961 & Later Case Service 1979 & Supp.1980). *Cf. Willey v. Brown,* Me., 390 A.2d 1039 (1978). The application of the amended version of section 95 to actions not already barred at the time it became effective is not "retroactive" application in any sense that would require us to presume that such application was not intended by the legislature. *See Sutherland v. Pepsi-Cola Bottling Co.,* Me., 402 A.2d 50, 52 (1979).

It is necessary to distinguish *Hubert v. National Casualty Co.,* 154 Me. 94, 98, 144 A.2d 119, 121 (1958), in which the limitation period was not directly prescribed by statute but by a provision of accident and sickness insurance policy requiring actions on the policy to be brought within two years from the expiration of the time within which proof of loss was required by the policy. Loss occurred in 1952 while the policy was in effect. Hubert brought an action on the policy in 1956. When the

---

**2.** The second sentence of the definition was quoted with approval in *Coates v. Maine Employment Security Comm'n,* Me., 406 A.2d 94, 96 (1979).

policy was issued and during all the time it was in effect, the insurance law required that every insurance policy of the sort in question contain a standard provision requiring, among other things, that actions on the policy be brought "within two years from the expiration of the time within which proof of loss is required by the policy." In 1953, after the policy in question had expired by its own terms, the insurance law was amended to extend to three years the period to be prescribed in the standard provision. The parties stipulated that the last date Hubert could have filed proof of claim was more than three years and 21 days from the date of the actual commencement of his action. It is not clear from the opinion why the action was not brought too late regardless of whether the application period was two years or three. However, the Court took the occasion, citing *Miller v. Fallon, supra*, to state that the 1953 amendment of the insurance law should be given only a "prospective" operation. Apart from the fact that the statement of the Court in *Hubert* appears to have been unnecessary to the decision, the case is clearly distinguishable as involving a provision contained in a contract which could not have been regarded in any event as modified by a statute enacted after the contract had ceased to be effective by its own terms. The later change in the law could affect that provision of the insurance policy, if at all, the Court said, only by retroactive application.

█ In the present case, there being no evidence of a contrary legislative intent, we hold that amended version of section 95 applies to Dobson's claim.

The authorities from other jurisdictions are generally in accord with our conclusion. In *Nichols v. Wilbur, supra,* the Oregon Supreme Court held that statutes enlarging the period of limitations apply to existing causes of action that have not been barred by the previous limitation. Such statutes "are not retrospective in application but are merely an extension of the right to bring the action". 256 Or. at 419, 473 P.2d at 1022. Later, in *Bower Trucking & Ware-* *house Co. v. Multnomah County,* 35 Or.App. 427, 582 P.2d 439 (1978), an intermediate Oregon court held that *Nichols* applied only to statutes lengthening the limitation period; statutes shortening the limitation period are not to be applied to curtail enforcement of existing rights unless a contrary legislative intent appears. 35 Or.App. at 433, 582 P.2d at 442. The Oregon courts thus draw the same distinction that we draw between *Miller v. Fallon* and the present case. *Accord, Lester v. State Workmen's Compensation Comm'r,* W.Va., 242 S.E.2d 443 (1978). See Annot., 79 A.L. R.2d 1080, 1100–04 (1961 & Later Case Service 1979 & Supp.1980).

Courts which hold that when a right is created by the workers' compensation statute the statute of limitations delimits the substantive right as well as the remedy, tend to construe an extension of the limitation period as having "retroactive" effect if applied. *E. g., Barksdale v. H. O. Engen, Inc.,* 218 Va. 496, 237 S.E.2d 794 (1977). *Contra, Panzino v. Continental Can Co., supra.* We do not find such cases persuasive in construing the Maine Workers Compensation Act, having held in *Norton v. Penobscot Frozen Food, supra,* that section 95 is merely procedural in operation; that is, a limitation on the remedy but not on the substantive right.

The Commissioner erred in granting defendant's motion to dismiss on the ground that the limitation period for filing the claim was not extended by P.L.1965, ch. 489, § 8.

The entry is:

Appeal sustained.

Case remanded for further proceedings consistent with the opinion herein.

It is ordered that the employer pay to the employee an allowance of $550 for his counsel fees plus his reasonable out-of-pocket expenses for this appeal.

All concurring.