**2001 ME 180**

**Jerald E. GREENVALL**

v.

**MAINE MUTUAL FIRE INSURANCE COMPANY**

Supreme Judicial Court of Maine.

Argued: Nov. 7, 2001.

Decided: Dec. 27, 2001.

Jeffrey T. Edwards, Preti, Flaherty, Beliveau, Pachios & Haley, LLC, Portland, for plaintiffs.

William J. Kelleher, Augusta, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, and CALKINS, JJ.

RUDMAN, J.

[¶ 1] Jerald E. Greenvall, the personal representative of the estate of Carla Madore, appeals from the judgment entered in the Superior Court (Kennebec County, *Marden J.*), declining to apply the increased statutory damages cap for loss of comfort, society, and companionship contained within the 1995 amendment to Maine's Wrongful Death Act, 18–A M.R.S.A. § 2–804. The amendment was enacted after Madore's death but prior to the filing of this lawsuit. Greenvall contends that the amendment amounted to a substantive change in the law and, therefore, should have been applied retroactively to encompass the present case. We disagree and affirm the judgment of the Superior Court.

[¶ 2] On February 11, 1995, Carla Madore was killed in an automobile collision

in Greene. Madore and her vehicle were insured by Maine Mutual Fire Insurance Company (Maine Mutual). Her policy included uninsured/underinsured motorist coverage up to $300,000. James Donahue, the other driver involved in the accident, was covered up to $100,000 by liability insurance provided by Maryland Insurance Group.

[¶ 3] On January 5, 1996, the estate settled with Donahue and Maryland Insurance Group for $100,000, and released them from any further liability resulting from the accident. Following this agreement, the estate requested payment from Maine Mutual in the amount of $200,000. This figure represented the difference between the decedent's uninsured motorist coverage, $300,000, and the amount of the settlement with Donahue and his insurer, $100,000. Maine Mutual refused to make any payment. On April 4, 1997 Greenvall brought suit claiming breach of contract, bad faith, and late payment. Although the bad faith and late payment claims were dismissed by a summary judgment,[1] the breach of contract claim was tried before a jury.

[¶ 4] On the day of the decedent's death, the Wrongful Death Act restricted recovery for loss of comfort, society, and companionship at $75,000. 18–A M.R.S.A. § 2–804 (Supp.1989) (amended by P.L. 1995, ch. 577, § 1; P.L.1999, ch. 772, § 1). By the time Greenvall filed suit, the Legislature had raised the statutory cap on these damages to $150,000.[2] P.L.1995, ch. 577, § 1 (effective July 4, 1996).

[¶ 5] At the conclusion of the trial, the jury found that Donahue's negligence was a proximate cause of the decedent's death and awarded damages to the estate, including $150,000 for the loss of comfort, society, and companionship.[3] The court, however, ruled that the applicable cap for loss of comfort, society, and companionship was $75,000, the limit at the time the accident occurred, and entered judgment accordingly. The court held that because the increase in the statutory cap was a substantive change to the Wrongful Death Act, it should not be retroactively applied to the accident in question. Greenvall filed this appeal.

■ [¶ 6] A statute is retroactively applied if it is "applied so as to determine the legal significance of acts or events that occurred prior to its effective date ...." *Terry v. St. Regis Paper Co.*, 459 A.2d 1106, 1108 (Me.1983) (quoting *Coates v. Maine Employment Sec. Comm'n*, 406 A.2d 94, 96 (Me.1979)). The trial court's conclusion concerning the retroactive/prospective application of the 1995 amendment is a question of statutory interpretation which we review de novo. *Great N. Paper, Inc. v. Penobscot Nation*, 2001 ME 68, ¶ 14, 770 A.2d 574, 580.

■■ When faced with similar issues in the past, we have often applied the common law presumption that, absent language to the contrary, legislation affecting procedural or remedial rights should be applied retroactively, whereas legislation affecting substantive rights should be applied prospectively. *See Riley v. Bath Iron Works*, 639 A.2d 626 (Me.1994); *Danforth v. L.L. Bean, Inc.*, 624 A.2d 1231 (Me.1993); *Dobson v. Quinn Freight Lines*, 415 A.2d 814 (Me.1980). Alterna-

---

1. *See Greenvall v. Maine Mut. Fire Ins. Co.*, 1998 ME 204, 715 A.2d 949.

2. The statute currently provides for a cap of $400,000. 18–A M.R.S.A. § 2–804 (1998 & Supp.2000.) The parties agree that this amount does not apply to the present dispute.

3. By stipulation of the parties, the jury was not informed of any statutory limitations on damages. Instead, the parties agreed to let the court shape the verdict to fit the applicable statutory caps.

tively, we have applied the rule of statutory construction that "all statutes will be considered to have a prospective operation only, unless the legislative intent to the contrary is clearly expressed or necessarily implied from the language used." *Coates*, 406 A.2d at 97 (quoting *Miller v. Fallon*, 134 Me. 145, 148, 183 A. 416, 417 (1936)). There is no reason why these methods of statutory interpretation cannot be applied conjunctively.

■ [¶ 8] Ordinarily, procedural amendments by definition affect only the present treatment of process. They do not change the *legal significance* of acts occurring before the amendments. *Dobson v. Quinn Freight Lines, Inc.*, 415 A.2d 814, 816 (Me. 1980) (application of a procedural amendment is not "retroactive application in any sense that would require us to presume that such application was not intended by the legislature"). If there is *any* doubt as to whether the law in question is purely procedural, we will assume the Legislature intended prospective application only.

[¶ 9] The 1995 amendment doubled one's potential liability for the loss of comfort, society, and companionship, and thus cannot be said to be purely procedural. Therefore, we assume that the amendment is prospective unless the plain language clearly provides otherwise. The amendment stated, in pertinent part,

> The jury may give such damages as it determines a fair and just compensation with reference to the pecuniary injuries resulting from the death to the persons for whose benefit the action is brought and in addition shall give such damages as will compensate the estate of the deceased person for reasonable expenses of medical, surgical and hospital care and treatment and for reasonable funeral expenses, *and in addition may give damages not exceeding $150,000 for the loss of comfort, society and companionship of the deceased,* including any dam-

ages for emotional distress arising from the same facts as those constituting the underlying claim, to the persons for whose benefit the action is brought, and in addition may give punitive damages not exceeding $75,000, provided that the action is commenced within 2 years after the death of the decedent.

18–A M.R.S.A. § 2–804 (1998) (amended by P.L.1999, ch. 772, § 1) (emphasis added). The amendment is not ambiguous and does not suggest a retroactive application.

[¶ 10] Therefore, the 1995 amendment is not applied retroactively and does not apply to the present suit. This is in accord with similar decisions from other jurisdictions. *Thomas v. Cumberland Operating Co.*, 569 P.2d 974, 976 (Okla.1977) ("Statutes and amendments imposing, removing or changing a monetary limitation on recovery for personal injuries or death are generally held to be prospective only."); *Bradley v. Knutson*, 62 Wis.2d 432, 215 N.W.2d 369 (1974) (holding that an amendment to the Wisconsin Wrongful Death Act that increased the amount of recoverable damages for loss of society and companionship is a substantive change, and finding that the limit of recoverable damages is set by statute at the time the accident occurred); *Mihoy v. Proulx*, 113 N.H. 698, 313 A.2d 723, 725 (1973) ("To apply [an amendment which raises the recoverable limit for wrongful death] after the date of the accident would clearly enlarge the defendant's liability retrospectively. In the absence of an express provision, we cannot conclude that the legislature intended retrospective application.").

The entry is:

Judgment affirmed.