

STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
Cumberland, ss, Clerk's Office

JUL 20 2011

**RECEIVED**

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-10-604
*NM  Cum  7/20/2011*

JEFFREY W. MEYER
and WENDY M. SIMS,

　　　　　Plaintiff

v.

ROBERT M. MEYER

　　　　　Defendant

ORDER ON PLAINTIFFS'
MOTION TO AMEND
COMPLAINT

The court has before it plaintiffs' motion to amend its complaint pursuant to M.R. Civ. P. 15(a) to add count II for breach of agent's duties under power of attorney and count III for attorneys' fees. The plaintiffs' motion to amend is denied as to count II and granted as to count III.

"Leave to amend a complaint 'shall be freely given when justice so requires.'" Sherbert v. Remmel, 2006 ME 116, ¶ 7, 908 A.2d 622, 624 (quoting M.R. Civ. P. 15(a)). If, however, the "proposed amended complaint would be subject to a motion to dismiss, the court is well within its discretion in denying leave to amend." Glynn v. City of S. Portland, 640 A.2d 1065, 1067 (Me. 1994).

The Maine Uniform Power of Attorney Act (Act) applies to powers of attorney created before, on, or after July 1, 2010, the effective date of the statute. 18-A M.R.S.A. § 5-963(a) (2010). The Act also "applies to a judicial proceeding concerning a power of attorney commenced on or after July 1, 2010." Id. § 5-963(b). However, "[a]n Act done before July 1, 2010 is not affected by this Part." Id. § 5-963. The defendant asserts that the conduct alleged in the complaint, which occurred from August 16, 1999 to

1

November 16, 2004, fails to state a claim under 18-A M.R.S.A. 5-901, et seq.[1] (Am. Compl. ¶ 60.)

The court will apply '"the common law presumption that, absent language to the contrary, legislation affecting procedural or remedial rights should be applied retroactively, whereas legislation affecting substantive rights should be applied prospectively."' In re Guardianship of Jeremiah T., 2009 ME 74, ¶ 18, 976 A.2d 955, 960 (quoting Greenvall v. Me. Mut. Fire Ins. Co., 2001 ME 180, ¶ 7, 788 A.2d 165, 166). "An amendment may be deemed substantive if it changes the legal significance or consequences of acts or events that occurred before the amendment's effective date." In re Guardianship of Jeremiah T., 2009 ME 74, ¶ 19, 976 A.2d at 960. The Act effective in 2010 replaced and expanded its predecessor, 18-A M.R.S.A. § 5-501 et seq.[2] See L.D. 1404, Summary at 55 (124th Legis. 2009).[3] The new Act was "a comprehensive change

[1] The court does not address whether the plaintiffs' complaint states a claim for common law breach of fiduciary duty. See Bryan R. v. Watchtower Bible & Tract Soc'y of New York, Inc., 1999 ME 144, ¶ 19, 738 A.2d 839, 846 (discussing the elements of a fiduciary relationship); Theriault v. Burnham, 2010 ME 82, ¶ 6, 2 A.3d 324, 326 (discussing confidential relationships).

[2] The court does not address whether the plaintiffs state a claim under 18-A M.R.S.A. § 5-501 et seq. because the plaintiffs in the amended complaint clearly seek to hold the defendant liable under the Act effective in 2010. The defendant may have been under the general duty of care of an agent and a fiduciary during the time of the alleged wrongful conduct. 18-A M.R.S.A. § 5-508(a) (1998) ("In the exercise of the powers conferred under a durable financial power of attorney, an attorney-in-fact shall act as a fiduciary under the standards of care applicable to trustees..."); Estate of Keatinge v. Biddle, 2002 ME 21, ¶ 18, 789 A.2d 1271, 1276; see 18-B M.R.S.A. §§ 801 et seq. (2009) (discussing the duties of a trustee including the duty of loyalty and impartiality). Additionally, a trustee owes a duty to act in the best interest of the beneficiaries. See 18-B M.R.S.A. §§ 802(1).

[3] The summary accompanying the Legislative Document states:

The Maine Uniform Power of Attorney Act, Maine UPOAA, replaces and expands the provisions relating to powers of attorney in Maine's Probate Code, currently Maine Revised States, Title 18-A, Article 5, Part 5. Durable powers of attorney have been allowed since the late 1960s or early 1970s in almost every state. A durable power of attorney survives the incapacity of the principal to avoid the need to bring expensive and time-consuming guardianship or conservatorship actions to care for the principal's assets. Under Maine UPOAA, the agent serves in the same way a guardian or conservator would in relation to the principal's property. Maine UPOAA requires that certain powers, mostly related to estate planning, be expressly and specifically conferred rather than be

2

in Maine law regarding powers of attorney." 1-13 Maine Probate Procedure § 13.05; see

L.D. 1404, Summary at 55-56 (124th Legis. 2009). According to Maine Probate

Procedure, the effect of the change was that:

> All previously valid powers of attorney remain valid. 18-A M.R.S.A. § 5-906(b). New powers of attorney executed in this state on or after July 1, 2010 will be valid only if they comply with Maine UPOAA. Powers of attorney executed elsewhere will remain valid in Maine if they were valid under the civil or military jurisdiction where executed. Photocopies and electronic copies of powers of attorney will be valid as originals.
> As of July 1, 2010, the rules of interpretation and acceptance in the new act apply to all then existing powers of attorney, provided, however, that if a power of attorney was the subject of a judicial proceeding at that time the judge has discretion whether to apply the new or old law to avoid prejudice either to a party or to the efficient administration of the proceeding. See generally 18-A M.R.S.A. §5-963.

1-13 Maine Probate Procedure § 13.05.4 (2010) (emphasis added). The Act effective in

2010 substantively changed the law and the presumption of prospective application

applies.

The court applies "'the rule of statutory construction that all statutes will be

considered to have a prospective operation only, unless the legislative intent to the

contrary is clearly expressed or necessarily implied from the language used.'" In re

Guardianship of Jeremiah T., 2009 ME 74, ¶ 18, 976 A.2d at 960 (quoting Greenvall, 2001

---

accepted as general powers. Maine UPOAA also provides civil penalties for refusal by 3rd party to accept a properly executed power of attorney if that 3rd party holds assets of the principal. Maine UPOAA does, however, create reasonable exceptions to the requirement that a 3rd party accept a properly executed and acknowledged power of attorney and it creates certain protections for persons who accept a power of attorney in good faith. Maine UPOAA contains provisions that protect a principal and the principal's successors in interest from an agent who violates its provisions. Finally, Maine UPOAA does not contain provisions related to so-called durable health care powers of attorney as currently provided in Article 5, Part 5 of Maine's Probate Code; however, Maine UPOAA does not affect Maine's Uniform Health-care Decisions Act in Article 5, Part 8 of Maine's Probate Code, which already, and concurrently, allows for the creation of so-called durable health care powers of attorney.
L.D. 1404, Summary at 55-56 (124th Legis. 2009) (emphasis added).

ME 180, ¶ 7, 788 A.2d at 167 (quotation marks omitted)). The Act effective in 2010 clearly applies to powers of attorney created before the effective date of the statute, and to judicial proceedings commenced after the effective date of the statute, which applies in this case. 18-A M.R.S.A. §§ 5-963(a), (b) (2010). "An act" done before the July 1, 2010 effective date of the statute is not "affected." See id. § 5-963. An "act" is "[s]omething done or performed." BLACK'S LAW DICTIONARY at 26 (8th ed. 2004). "Affect" generally means "to produce an effect on." BLACK'S LAW DICTIONARY at 62 (8th ed. 2004). This language indicates, at most, that conduct occurring before the effective date of the statute is not governed by the Act effective in 2010; this language indicates, at least, that the statute is ambiguous. There is no clear intent that the statute is to be applied retroactively to an act done before the effective date on the statute. In re Guardianship of Jeremiah T., 2009 ME 74, ¶ 18, 976 A.2d at 960 (quotations omitted). Therefore, the Uniform Power of Attorney Act effective in 2010 does not apply to the conduct alleged in the plaintiffs' amended complaint.

In the amended complaint, the plaintiffs allege egregious conduct that, if true, could support an award of attorneys' fees. See Baker v. Manter, 2001 ME 26, ¶ 13, 765 A.2d 583, 585.

STATE OF MAINE
Cumberland, ss, Clerk's Office

JUL 20 2011

RECEIVED

The entry is

> The Plaintiffs' Motion to Amend the Complaint to add Count II is DENIED.
>
> The Plaintiffs' Motion to Amend the Complaint to add Count III is GRANTED.

Date: July 20, 2011

Nancy Mills
Justice, Superior Court

4

| Date Filed | Action | Answer Due Date: | | Docket No. |
|---|---|---|---|---|
| 11-24-10 | OTHER CIVIL | Jan 25, 2011 | | CV-10-604 |

| Scheduling Order Issued: | Discovery Deadline: | Jury Fee Pd. ☐ Non-Jury ☐ | Statement Filed: Order to File Statement: | Length of Trial: | Rule 16(b) ☐ Rule 16(c) ☐ | Pre Trial Issued: |
|---|---|---|---|---|---|---|
| 2/7/11 | 1-17-12 | | | | | |

| Plaintiff(s) | Defendant(s) |
|---|---|
| Statement ~~filed~~ 2-1 bet report ~~2-7-11~~ 5-27-11 JEFFREY W MEYER WENDY M SIMS | ✓ROBERT M MEYER served 1-4-11 |

vs.

| Plaintiff's Attorney(s) | Defendant's Attorney(s) |
|---|---|
| BRUCE A MCGLAUFLIN ESQ | John Lambert, Esq. Maureen McCrann Sturtevant ESQ |

| Date | Justice | Action and Comments | Est Time | Not Reached | Cont |
|---|---|---|---|---|---|
| 4.15.11 | | agreement to extend ADR deadline to (schedule ADR by 60 day) | | | to |