■ ROBERT JOHNSON, an Infant, by ARTHUR JOHNSON, His Guardian ad Litem, et al., Respondents, v. GENERAL MUTUAL INSURANCE COMPANY, Appellant, and EDWARD F. KUCSKAR, Respondent. (And Another Action.) GENERAL MUTUAL INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Appellant-Respondent, v. AGENTS SERVICE CORP., Third-Party Defendant-Respondent-Appellant, and PAUL T. AHEARN, Third-Party Defendant-Respondent.— GIBSON, P. J. Appeal from an order of the Supreme Court at Special Term which granted motions by defendant Kucskar and plaintiffs Johnson for summary judgments against defendant General Mutual Insurance Company in actions for declaratory judgments, *inter alia,* that defendant General is liable, under the terms of an automobile liability insurance policy issued by it to defendant Kucskar, to pay to plaintiffs, up to the amount of the policy coverage, such sums as may be awarded them in their personal injury negligence actions against said Kucskar. Cross appeal by third-party defendant Agents Service Corp. from so much of said order as denied the motion of third-party plaintiff General for summary judgment against Agents, cross appellant's contention being that the third-party complaint should have been dismissed as against

it as a matter of law. Defendant Kucskar applied to third-party defendant Ahearn for a policy of automobile liability insurance. Upon application to the assigned risk pool, the risk was assigned to General, which issued the policy in suit, Ahearn arranging the financing of the premium through third-party defendant Agents, which paid to General a full year's premium, which Kucskar agreed to repay in monthly installments, pursuant to the premium finance agreement executed by him. The installment payments were made, when due, by Kucskar to Ahearn and proper receipts therefor were validated by means of coupons in the payment book issued to Kucskar by Agents, and the fact of the due and timely payments seems to be conceded. Nevertheless, Agents issued notice of termination, dated September 11, 1961, effective September 24, 1961 at 12:01 A.M., to Kucskar, Ahearn and General. The accident giving rise to the issue of coverage involved in the declaratory judgment action before us occurred on October 14, 1961. Special Term correctly held that the notice of cancellation was ineffective because Agents was without authority to cancel. General cites, as authority for the action taken by Agents, section 576 of the Banking Law, but the premium finance agreement before us does not contain " a power of attorney or other authority enabling the premium finance agency to cancel " (Banking Law, § 576, subd. 1) but provides that upon default in payment " the payee [Ahearn] and/or assigns [Agents] is * * * empowered *to request cancellation from the insurance company*" (emphasis supplied); and, indeed, this had previously been recognized by Agents and by General as the necessary and correct procedure. Here there was neither " default " nor " request ". It was properly held by Special Term, as an additional ground of its decision, that even if the authority of Agents to cancel should be assumed, the notice thereof was untimely and thus of no effect. The notice, hereinbefore quoted, allowed but 12 full days and one minute of the thirteenth day, as against the requirement of 13 days' notice in case of service by mail. (Banking Law, § 576, subd. 1, pars. [a], [b]; *Cannon* v. *Merchants Mut. Ins. Co.*, 35 Misc 2d 625.) General's brief suggests, without reference to any proof, that the notice may have been served personally but this contention is belied by General's answering affidavit made by its Home Office Claims Supervisor. It follows that summary judgment was properly granted as against General. General's motion for summary judgment against third-party defendants Agents and Ahearn was properly denied and General does not contest that determination. Agents, upon its cross appeal, contends that it was entitled not merely to the denial of General's motion for summary judgment against it, but to judgment dismissing the third-party complaint as to it, as a matter of law. The disposition of the primary action does not, of course, necessarily require either recovery upon, or dismissal of the third-party action (CPLR 1010; *Metropolitan Sand & Gravel Corp.* v. *Lipson*, 7 A D 2d 916, 917; *Washington* v. *Morantz*, 11 Misc 2d 273) which may, of course, be prosecuted independently. From the lengthy and diffuse third-party complaint before us and from the papers on the motion, it cannot be conclusively determined that General did not, or legally could not, rely upon Agents' purported cancellation, or at least upon its implicit representation that there existed defaults on Kucskar's part entitling Agents to have the policy cancelled. Neither does the proof exclude the possibility of General's having sustained damage, if it properly could and did rely upon Agents' actions or representations, to the prejudice of its proper investigation and defense of the personal injury claims. Liberally construing the pleadings, so as to avoid multiplicity and circuity of actions, as we are required to do, we consider, under the circumstances, and in the exercise of discretion (CPLR 1010), that General's claim may properly

be prosecuted within the frame of the present pleadings, subject, of course, to such proper amendments and motions as the respective parties may be advised. Order affirmed, with one bill of costs to respondents Johnson and Kucskar against respondent General Mutual Insurance Company. Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur. [48 Misc 2d 219.]