## NORTHWESTERN NATIONAL CASUALTY CO.
### *v.* ARTHUR THOMAS

5-5258                                            455 S. W. 2d 87

### Opinion delivered June 15, 1970

*Williams & Gardner*, for appellant.

*Mobley, Bullock & Harris*, for appellee.

LYLE BROWN, Justice. Appellee E. Arthur Thomas sustained damages in a vehicular collision. He obtained judgment against his insurer, appellant Northwestern National Casualty Company, for his medical bills and car repairs. It is appellant's contention that it had validly cancelled the policy prior to the accident. Whether or not the attempted cancellation was effective is the question on appeal.

Appellee was a distributor for the Arkansas Gazette in the Russellville area and owned two automobiles, a

Ford and an Opel. He purchased a Northwestern passenger automobile policy through a local agency. The policy was for six months beginning September 23, 1968. It included comprehensive and collision coverage on the Opel but not on the Ford. Appellee utilized the company's budget plan of payment whereby he paid one-half the premium with the issuance of the policy and agreed that he could be billed for the balance sixty days thereafter. On November 5 of the same year, appellee ordered a rider for his policy in order to add comprehensive and collision coverage on the Ford; he had that protection with another company but that policy expired. The additional premium was $19.00, which appellee agreed to pay when the endorsement was delivered.

Payment for the endorsement was not timely made (allegedly due to an oversight of appellee's wife), whereupon appellant purportedly sent notice to appellee by certified mail advising him that unless it received the $19.00 fee by 12:01 a.m. on December 6, his policy would thereafter be ineffective. Appellee testified he did not receive the notice; be that as it may, he did not remit within the time fixed in the notice. On that same day, December 6, at approximately 5:00 p.m., appellee was involved in an accident which gave rise to the injuries and damages. He was driving his Opel station wagon. Appellant denied liability, contending the policy had lapsed for appellee's failure to remit the premium for the Ford endorsement. The additional installment payment on the original policy was not yet due and played no part in the cancellation. In fact the initial payment was sufficient to keep the original policy in force for at least three months.

Appellant advances three arguments to support its contention that the cancellation was in all respects valid; however, it is our view that the notice of intent to cancel did not comply with the cancellation clause and therefore the policy was in effect at the time of the accident. Our view in that respect requires that we discuss only the one point of appellant namely, that cancellation occurred at 12:01 a.m. on December 6.

The determinative provision in the cancellation clause in the policy reads: "This policy may be cancelled by the company by mailing to the insured * * * written notice stating when not less than ten days thereafter such cancellation shall be effective." When we interpret that clause, particularly in a light most favorable to the insured, the sensible conclusion is that he had ten days after the mailing of the notice within which to pay for the endorsement of November 5. In other words his policy remained in force for an additional ten calendar days. The notice is said to have been mailed on November 26. That date is not to be counted in computing the ten-day grace period allowed by the contract. Couch on Insurance 2d § 67-162 states the rule thusly:

> Where the cancellation notice is not to be effective as of a specified date but as of a period of time after the notice, questions arise as to the manner of calculating or computing the beginning and end of the notice period, and it has been held that the first day should be excluded and the last day included in computing time under a notice of cancellation. And this means midnight of the last day, where the policy reads 'five days from the receipt of notice,' even though the policy itself runs from noon to noon. So, it is held that the cancellation will take effect in 5 days after receipt of the notice, although noon of the fourth is specified as the expiration of the time.

The same rule is found in 137 A. L. R., page 1156, and in *Massachusetts Bonding & Ins. Co.* v. *Home Life & Accident Co.*, 119 Ark. 102, 178 S. W. 314 (1915), we computed the time by excluding the first day and including the last day. Excluding November 26 and counting ten full days following, the notice could not affect appellee's policy before midnight, December 6.

There was another proviso in the cancellation clause which provided that "[T]he effective date and

hour of cancellation stated in the notice shall become the end of the policy period." Pursuant to that provision the insurer inserted in the notice that the policy would be considered cancelled as of 12:01 on December 6. That insertion would reduce the grace period to nine days and to that extent is of course in conflict with the ten-day recited provision. Appellant cannot use the "effective date and hour" provision to reduce the ten-day grace period.

We allow an additional attorney's fee of $250.

Affirmed.