■ In the Matter of the Claim of CECELIA STEINMETZ, Respondent, v. V & E DRESS, INC., et al., Appellants, and UNINSURED EMPLOYERS' FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed April 13, 1972, which held, among other things, that an attempted cancellation by the carrier was ineffective (Workmen's Compensation Law, § 54, subd. 5). The sole issue raised on this appeal by the carrier is whether or not the filing of a notice of cancellation nine days prior to the indicated date of cancellation renders the cancellation totally ineffective. Subdivision 5 of section 54 of the Workmen's Compensation Law provides, in part, as follows: " No contract of insurance issued by an insurance carrier  *  *  *  shall be cancelled within the time limited in such contract for its expiration until at least ten days after a notice of cancellation of such contract, on a date specified in such notice, shall be filed in the office of the chairman ". The notice of cancellation herein was filed in the office of the chairman on July 9, 1970, nine days prior to the effective date of July 18, 1970. We have, on several occasions, held that the statutory requirements for cancellation of workmen's compensation insurance must be strictly complied with (*Matter of Norwood* v. *Icon Displays Ind.*, 37 A D 2d 877; *Matter of Fromer* v. *John St. Serv. Center*, 34 A D 2d 1081; *Matter of Conklin* v. *Byram House Rest.*, 32 A D 2d 582). Such a required construction renders the notice ineffective. Insofar as *Gramo* v. *Greenpoint Contr. Co.* (209 App. Div. 250) stands for the proposition that a notice served prior to the specified date of cancellation merely postpones the time of cancellation, it is hereby overruled. Decision affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.