**Edward D. DISHON**

v.

**Patricia L. OLIVER et al.**

Supreme Judicial Court of Maine.

June 29, 1979.

properly submitted subjects of dispute are binding upon the parties. 26 M.R.S.A. § 965(4) (1974).

Twitchell, Gray & Linscott by Frederick J. Badger, Jr., Richard M. Maraghy (orally), Bangor, for plaintiff.

Tanous & Beaupain by Wakine G. Tanous (orally), East Millinocket, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

NICHOLS, Justice.

The Plaintiff, Edward D. Dishon, appeals from an order of the Superior Court, dated November 28, 1978, which order dismissed his complaint, dated March 17, 1978, seeking partition of certain real estate in East Millinocket, Maine, which he asserted was owned by him and the Defendant, Patricia L. Oliver (his former wife), as tenants in common. The Defendant, The Merrill Trust Company, was a mortgagee of the subject premises.

On August 29, 1973, a divorce from the Plaintiff was adjudged to Defendant Oliver in District Court. As a part of that divorce judgment the subject premises were declared to be marital property and were set off to her. On Monday, October 29, 1973, (which, by including Sunday, October 28, 1973, was the sixty-first day thereafter) she caused this divorce judgment to be recorded at the Penobscot County Registry of Deeds.

The central issue on appeal is whether such recordation was timely to preserve the interest in this real estate which Defendant Oliver acquired by virtue of this judgment.

We deny the Plaintiff's appeal.

When this divorce was adjudged on August 29, 1973, the pertinent statute required that the judgment or decree of divorce be recorded within 60 days from the date thereof in order for rights acquired thereunder to be effectual against any party or any other person. 19 M.R.S.A. § 725 (1964) as amended by P.L.1971, Ch. 622, Sec. 61–E.

Thirty-five days after the judgment of divorce, on October 3, 1973, the following new statutory provision became effective:

The statutory time period for the performance or occurrence of any act, event or default which is a prerequisite to or is otherwise involved in or related to the commencement, prosecution or defense of any civil or criminal action or other judicial proceeding shall be governed by and computed under Rule 6(a) of the Maine Rules of Civil Procedure as amended from time to time, when the nature of such action or proceeding is civil, and under Rule 45(a) of the Maine Rules of Criminal Procedure, as amended from time to time, when the nature of such action or proceeding is criminal. 1 M.R.S.A. § 71(12) (1964).

The pertinent language of Rule 6(a), thus incorporated by reference, is:

In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after

which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a holiday.

It should be noted that the time for recordation of the divorce judgment had not expired, and neither party's right to this real estate had finally vested, when this procedural change was made by statute.

██ Statutes of limitation are laws of process, and where they do not extinguish the right itself, are deemed to operate on the remedy only. *Miller v. Fallon*, 134 Me. 145, 147, 183 A. 416 (1936). *See also Hubert v. National Casualty Co.*, 154 Me. 94, 98, 144 A.2d 119 (1958).

██ Statutes providing procedures for the division of property upon divorce are remedial in nature, and the Legislature may change these procedures without offending constitutional principles. *Fournier v. Fournier*, Me., 376 A.2d 100, 102 (1977).

██ Several months ago in a case which challenged legislative modification of the existing mechanics' lien law our Court observed that until a lien has been perfected a lienor has no vested right to rely upon an existing provision of that statute. *Diamond International Corporation v. Philip L. Gadbois & Sons, Inc.*, Me., 390 A.2d 1061, 1064 (1978). By parity of reasoning a party to a divorce judgment has no vested right to rely upon an existing provision for recording that judgment until the period for such recording has expired.

██ When in the case at bar the sixtieth day after entry of the divorce judgment was a Sunday, the period for recording ran until the end of the next day. On that day the Defendant Oliver caused the divorce judgment to be duly recorded.

We conclude that the recordation was timely.

The entry, therefore, is:

Appeal denied.

Judgment of dismissal affirmed.

DELAHANTY, J., did not sit.