## MAINE BONDING & CASUALTY CO.

v.

## Kevin E. KNOWLTON, et al.

Supreme Judicial Court of Maine.

Argued Oct. 3, 1991.
Decided Nov. 1, 1991.

Christopher C. Dinan, (orally), Monaghan, Leahy, Hochadel & Libby, Portland, for plaintiff.

Harry B. Center, II, (orally), Smith & Elliott, Saco, Jens–Peter W. Bergen, (orally), Hodsdon & Rush, Kennebunk, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

COLLINS, Justice.

Kevin and Debra Knowlton ("the Knowltons") and Edward Martel appeal from a Superior Court (York County, *Brennan, J.*) summary judgment declaring that the plaintiff, Maine Bonding and Casualty Company ("the Insurer") is not required to defend or indemnify the Knowltons in a personal injury suit brought by Martel. The Superior Court found that the Insurer's notice of cancellation, although defective under the governing statute, effected a termination of the Knowltons' policy sometime before the date of Martel's injury. Because we interpret the statute differently, we vacate and remand.

Martel was injured in a motorcycle accident near the Knowltons' home on July 31, 1989. The Knowltons claim that they were insured as of that date under a homeowner's policy underwritten by the Insurer. There is no dispute that such a policy was issued on March 16, 1989, with a one year term. Sometime after March 24, 1989, however, Debra Knowlton received a letter from the Insurer that read in pertinent part, "the Ins. will stop April 4, 1989." The specified effective date was less than twenty days from the time the notice was received. Later, the Knowltons received a

check, which they have not negotiated, representing a refund of the premium for the remainder of the period. The Insurer claims that the notice and refund effectuated a cancellation sometime before July 31, 1989 when Martel was injured. The Knowltons and Martel contend that such notice was defective under the statute and of no effect.

■ The sole issue on this appeal is the construction of 24–A M.R.S.A. § 3050 (1990). The statute provides:

No notice of cancellation of a policy shall be effective unless received by the named insured at least 20 days prior to the effective date of cancellation.

*Id.* The parties agree that the statute is applicable to the policy and that the Knowltons received the notice less than twenty days before its stated effective date. The dispute concerns whether the statute rendered such a notice ineffective as of the time of the accident, or delayed its effect until the Knowltons had 20 days notice.

The Superior Court read the statutory language as meaning that a cancellation will become effective 20 days after received. We review the Superior Court's conclusions for errors of law. *St. Louis v. Hartley's Oldsmobile–GMC, Inc.*, 570 A.2d 1213, 1215 (Me.1990).

■ The first step in statutory construction is to determine the intent of the legislature. *Raymond v. State*, 467 A.2d 161, 164 (Me.1983). The first clue to the legislature's intent is the language it uses. *Id.* Here, the legislature has declared that a cancellation is ineffective unless written notice is provided 20 days before its effective date. 24–A M.R.S.A. § 3050. Crucial to understanding the statute are the terms "effective date" and "unless".

The term "effective date" must refer to the effective date stated in the notice.

This is the interpretation implicitly adopted in our earlier cases. *See Savings & Loan Assoc. of Bangor v. Tear*, 435 A.2d 1083, 1087 (Me.1981) (cancellation ineffective because notice received after "effective date"). The only alternative interpretation of "effective date" is the date when cancellation becomes effective by law. This interpretation, however, undermines the statute's consumer protection orientation. The statute, so interpreted, would permit insurers to state any date or none at all on the notice and the cancellation would still take effect 20 days after receipt. Therefore, we conclude that the legislature intended that a notice of cancellation must state its effective date and that date must be sometime 20 days or more after its receipt.

The legislature's use of the word "unless" is indicative of its intent to require that insurers comply strictly with the statute's terms in order to effect a policy cancellation. "No notice of cancellation shall be effective unless ..." plainly means that a notice can be effective *only if* it complies with the statutory prerequisites. *See Savings & Loan Assoc. of Bangor v. Tear*, 435 A.2d at 1086 ("Notice of cancellation must meet strict requirements"). Thus, a notice that does not specify an effective date at least 20 days hence cannot terminate a policy under 24–A M.R.S.A. § 3050. This construction is not only compatible with the plain meaning of the statute, but also gives effect to its consumer protection bent. Some courts interpreting substantially identical statutes in their jurisdictions have reached the same result. *See Ophus v. Tri–State Ins. Co. of Minnesota, Inc.*, 392 N.W.2d 653, 655–56 (Minn.App.1986); *Pearson v. Nationwide Mutual Ins. Co.*, 90 N.C.App. 295, 368 S.E.2d 406 (1988).[1] Those courts that have ruled to the contrary were construing different statutory language.[2] *See Farber v. Great American*

---

1. Some states have adopted a strict compliance approach to such statutes, rendering defective notice fatal to an attempted cancellation. *Steinmetz v. V & E Dress, Inc.*, 42 A.D.2d 1010, 348 N.Y.S.2d 228, 230 (A.D. 3 Dept.1973); *Stratton v. Abington Mutual Fire Ins. Co.*, 9 Conn.App. 557, 520 A.2d 617, 620 (1987).

2. *See Scanlon v. Empire Fire and Marine Ins. Co.*, 117 Idaho 691, 791 P.2d 737 (App.1990) ("... twenty (20) day written notice to the insured prior to cancellation"); *Campbell v. Home Insurance Co.*, 628 P.2d 96, 98 (Col.1981) ("... written notice stating when not less than ten days thereafter such cancellation shall become effective"); *Insurance Management, Inc. v. Gup-*

*Insurance Co.,* 406 F.2d 1228, 1230 (7th Cir.1969). (In 26 states cancellation takes effect a specified number of days after receipt).

The entry is:

Summary judgment vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.

*till,* 16 Wash.App. 226, 554 P.2d 359, 362 (1976) ("Not less than ten days' written notice shall be mailed"); *Moore v. Vernon Fire & Casualty Insurance Co.,* 142 Ind.App. 334, 234 N.E.2d 661, 662 (1968) ("... written notice stating when not less than ten days thereafter such cancellation shall become effective").