**VALLEY FORGE INSURANCE CO., et al.**

v.

**CONCORD GROUP INSURANCE CO., et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 17, 1993.

Decided April 6, 1993.

Elizabeth G. Knox, Thompson & Bowie, Portland, for plaintiff.

James Brett Main, Platz & Thompson, P.A., Lewiston, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, COLLINS, RUDMAN and DANA, JJ.

ROBERTS, Justice.

Concord Group Insurance Company appeals from a summary judgment entered in the Superior Court (Androscoggin County, *Alexander, J.*) based on Concord's failure

continued through abandonment." This argument is also without merit for the same reason.

to give notice of cancellation of its insurance policy in compliance with the provisions of the Automobile Insurance Cancellation Control Act.[1] Because we agree with Valley Forge Insurance Company that the notice was not presumptively received by the insured at least 10 days prior to cancellation, we affirm.

On January 14, 1984, Laurie Thomas, while operating a car owned by Michael St. Amand, collided with a car owned and operated by Lorraine Chabot, in which Nancy Chabot was a passenger. Nancy Chabot sustained injuries in the accident. St. Amand was insured by Concord, while Lorraine Chabot was insured by Valley Forge. Concord denied a claim for damages submitted by Nancy Chabot, claiming it had canceled St. Amand's policy on January 11, 1984. As a result, Chabot was paid by Valley Forge pursuant to its uninsured motorist coverage. Valley Forge sued Concord for the money it had paid Chabot. St. Amand joined the action, seeking recovery under his policy for property damage to his car in the accident. Concord provided documentation showing that it had mailed a notice of cancellation to St. Amand on December 29, 1983. The plaintiffs claim that St. Amand's policy had been improperly canceled.

█ Concord contends that the conclusive presumption of section 2915 establishes that the notice was received on January 1, 1984. The plaintiffs argue that the three-day period of section 2915 must not end on a Sunday or legal holiday when no mail is delivered. We need not decide that question, however, because a cancellation notice received on January 1 could not properly be effective until January 12. Concord's notice was void for not complying with the statutory 10–day requirement because the notice stated that the cancellation would become effective on January 11

at 12:01 a.m. *See Maine Bonding & Casualty Co. v. Knowlton,* 598 A.2d 749, 750 (Me.1991).

█ When calculating time under a notice of cancellation, the first day is to be excluded and the last day is to be included in the computation. *Couch on Insurance 2d* § 67:162 (rev. ed. 1983); *see also* M.R.Civ.P. 6(a). Thus the first of the statutorily required 10 days was January 2 and the last was January 11. The notice of cancellation, however, stated the effective date of cancellation was January 11 at 12:01 a.m., thereby excluding the entire 10th day less one minute. The leading treatise states that:

> A notice of cancellation of an automobile liability policy is untimely and of no effect where it allows but twelve full days and one minute of the thirteenth day, as against the statutory requirement of thirteen days' notice in case of service by mail.

*Couch on Insurance 2d* § 67:162 (rev. ed. 1983) (citing *Johnson v. General Mut. Ins. Co.,* 26 A.D.2d 602, 271 N.Y.S.2d 428 (3d Dept.1966)). *See also Northwestern Nat'l Casualty Co. v. Thomas,* 248 Ark. 989, 455 S.W.2d 87 (1970) (although notice of cancellation purported to discontinue coverage as of 12:01 a.m. on December 6, which was the last day of the 10–day period, coverage could not be canceled until 12:01 a.m. on December 7). Likewise, the coverage here could not be canceled sooner than January 12, 1984.

The entry is:

Judgment affirmed.

All concurring.

---

**1.** The version of the act in effect at the time of the attempted cancellation, 24–A M.R.S.A. § 2915 (Supp.1984), provided in relevant part as follows:

> No notice of cancellation of a policy shall be effective unless received by the named insured at least 20 days prior to the effective date of cancellation, or, when the cancellation is for nonpayment of premium, at least 10 days prior to the effective date of cancella-

tion. In the event the policy is an automobile physical damage policy, like notice of cancellation shall also be given to any other person mentioned in the loss payable clause. A postal service certificate of mailing to the named insured at the insured's last known address shall be conclusive proof of receipt on the 3rd calendar day after mailing.

(Amended by P.L.1989, ch. 172, § 4)