# Wiley GRUBBS *v.* CREDIT GENERAL INSURANCE COMPANY

96-889                                939 S.W.2d 290

Supreme Court of Arkansas
Opinion delivered March 3, 1997

*Callis L. Childs* and *Richard W. Weinthal*, for appellant.

*Wright, Lindsey & Jennings*, by: *Kathryn A. Pryor* and *Kristi M. Moody*, for appellee.

ROBERT L. BROWN, Justice. On December 7, 1992, appellant Wiley Grubbs was involved in an automobile accident with William Hall in Faulkner County. Grubbs sued Hall as a result of the accident and obtained a judgment against him in the amount of $27,500. Grubbs then filed suit against appellee Credit General Insurance Company, Hall's liability carrier, to enforce the judgment. Credit General denied the material allegations raised by Grubbs in his complaint and affirmatively pled failure to state facts upon which relief could be granted.

Discovery ensued, and in response to discovery, Credit General denied that Hall was covered on the date of the accident. According to Credit General, Hall's policy coverage was from September 25, 1992, to March 25, 1993, but Hall failed to pay his monthly premium.[1] On November 23, 1992, Credit General mailed a notice of cancellation to Hall for failure to pay the premium. Grubbs contended that the actual date of mailing was November 24, 1992. The cancellation notice stated that the coverage would lapse as of 12:01 a.m. on December 3, 1992. A notice of lapsed insurance was next mailed to Hall showing that the coverage was cancelled on December 2, 1992, although Credit General later admitted that the effective date of cancellation was December 3, 1992. On December 5, 1992, Hall's mother mailed a check to Credit General for the premium payment, reinstatement fee, and late charge in the amount of $115.45, and Hall's

---

[1] It is unclear from the record as to whether Hall was delinquent on more than one premium payment.

insurance was reinstated on December 10, 1992. On December 14, 1992, Hall's mother sent a second premium check to Credit General in the amount of $105.45.

Credit General moved for summary judgment premised on the fact that Hall's liability coverage had been cancelled prior to the accident and that the cancellation notice complied with both the terms of the policy and the governing statute. Grubbs responded to Credit General's motion with a pleading entitled "Plaintiff's Motion for Declaratory Judgment, By Summary Judgment, and Response to Defendant's Motion for Summary Judgment" and asserted that Credit General failed to comply with the ten-day cancellation notice required by the policy and the controlling statute.

At the hearing on the motions, Credit General conceded that its notice of cancellation was mailed on November 24, 1992, and the trial court found that that was the date of the mailing. Despite this finding, the trial court concluded that proper notice of the cancellation was sent ten days prior to the effective cancellation date. The trial court further found that because a premium payment was not made by December 3, 1992, coverage was cancelled as of that date and that as a result, no insurance coverage was in effect when the accident occurred on December 7, 1992.

The primary issue on appeal is whether Credit General's cancellation notice was in compliance with the pertinent Arkansas statute which reads:

> No notice of cancellation to any named insured shall be effective unless mailed or delivered at least twenty (20) days prior to the effective date of cancellation, provided that, where cancellation is for nonpayment of premium, at least ten (10) days' notice of cancellation accompanied by the reason therefore shall be given.

Ark. Code Ann. § 23-89-304(a)(2) (Repl. 1992).[2] Similarly, Hall's insurance policy with Credit General provided for cancellation for failure to pay premiums by giving "at least ten days

---

[2] Grubbs originally raised three points on appeal but in his Reply Brief withdrew two of the three points, leaving only the issue of the effectiveness of the notice of cancellation.

notice." The purpose of the notice is to give the insured the opportunity to obtain insurance elsewhere before he or she is subjected to no protection. *Merrimack Mut. Fire Ins. Co. v. Scott*, 219 Ark. 159, 240 S.W.2d 666 (1951).

Grubbs argues that the statute was not followed because less than ten full days expired between November 24, 1992, and December 3, 1992, which was the stated effective date of the cancellation. He relies in his calculations on Ark. Code Ann. § 16-55-119 (1987), which reads: "Where a certain number of days are required to intervene between two (2) acts, the day of one (1) only of the acts may be counted." *See also* Ark. R. Civ. P. 6(a). Credit General, nonetheless, counts November 24, 1992, as the first day of the notice and contends that the policy was cancelled on December 3, 1992, which was exactly ten days after the notice was mailed, just as the trial court found. In doing so, the carrier contends that the trial court's interpretation was consistent with the specific language of § 23-89-304 because it requires ten days notice "prior to" cancellation.

In calculating time limitations, this court has observed that uniformity in our decisions is important. *See Hodge v. Wal-Mart Stores, Inc.*, 297 Ark. 1, 759 S.W.2d 203 (1988). In this regard, we note that both § 16-55-119 and Ark. R. Civ. P. 6(a) provide that the first date and the last date should not both be counted when computing a period of time between two fixed dates. We have followed this method of calculation in fixing a limitation period for the time of filing pleadings as well as for certain notices. *See, e.g., Hodge v. Wal-Mart Stores, Inc., supra* (time for refiling complaint under one-year savings statute); *Gregory v. Walker*, 239 Ark. 415, 389 S.W.2d 892 (1965) (time for notice to tenant to vacate).

When construing a cancellation clause in an insurance policy requiring ten days' prior notice, we have interpreted that to mean something different, namely ten *full* days of notice. *See Northwestern Nat'l. Cas. Co. v. Thomas*, 248 Ark. 989, 455 S.W.2d 87 (1970). In *Thomas*, we expressly described what constituted ten days' notice by an insurer prior to the cancellation date:

The determinative provision in the cancellation clause in the policy reads: "This policy may be cancelled by the company by mailing to the insured *** written notice stating when not less than ten days thereafter such cancellation shall be effective." When we interpret that clause, particularly in a light most favorable to the insured, the sensible conclusion is that he had ten days after the mailing of the notice within which to pay for the endorsement of November 5. In other words his policy remained in force for an additional ten calendar days. The notice is said to have been mailed on November 26. That date is not to be counted in computing the ten-day grace period allowed by the contract. . . .

Excluding November 26 and counting ten full days following, the notice could not affect appellee's policy before midnight, December 6.

248 Ark. at 991, 455 S.W.2d at 88-89.

■ This court and the Court of Appeals have held that the plain language of the cancellation provisions fixed by either statute or the insurance policy must be strictly followed. *See, e.g., State Farm Fire and Cas. Co. v. Stockton*, 295 Ark. 560, 750 S.W.2d 945 (1988) (statute); *Riverside Ins. Co. v. Parker*, 237 Ark. 594, 375 S.W.2d 225 (1964) (policy); *Merrimack Mut. Fire Ins. Co. v. Scott, supra* (policy); *Hart v. MFA Ins. Co.*, 268 Ark. 857, 597 S.W.2d 105 (Ark. App. 1980) (policy). We apply that standard to the instant case and hold that after eliminating the date of mailing the cancellation notice, which was November 24, 1992, the effective date of cancellation — December 3, 1992 — did not give Hall ten days' notice. Indeed, because the notice of cancellation was effective at 12:01 a.m. on December 3, 1992, Hall, as a practical matter, received only eight days' notice. Hence, the notice was ineffective.

An ancillary question remains to be answered, and that is whether the ineffectiveness of the notice was cured by the passage of time. Credit General contends that even if statutory notice was deficient as of December 3, 1992, it certainly met the ten-day requirement prior to the accident on December 7, 1992.

■ The strongest authority for holding Credit General's notice completely ineffective comes from the language of the stat-

ute itself. It provides that no cancellation notice for nonpayment of premiums shall be effective unless given ten days prior to the *effective date of cancellation.* Ark. Code Ann. § 23-89-304(a)(2) (Repl. 1992). The language of the statute is plain and unambiguous, and when that is the case, we give the language its ordinary meaning. *Omega Tube & Conduit Corp. v. Maples,* 312 Ark. 489, 850 S.W.2d 317 (1993).

As already confirmed in this opinion, when cancellation of insurance is the issue, we require full compliance with the plain language of the governing statute. *See, e.g., State Farm Fire and Cas. Co. v. Stockton, supra.* In *Stockton,* the issue was whether the insurer must notify both the insured and the lienholder when cancelling an automobile liability insurance policy. The insured received notice dated September 10, 1985, that her policy would be cancelled on September 24, 1985, but the lienholder was never sent notice. Payment was not made, and a collision occurred on September 25, 1985. We held that even though the insured was notified of the cancellation, the notice was ineffective because the insurer failed to give notice to the lienholder, as required by Ark. Code Ann. § 23-89-304 (1987). We interpreted the straightforward language in the statute and held that the notice of cancellation was not effective unless delivered to the insured and the lienholder.

Cases from other jurisdictions buttress the holding in *State Farm Fire and Cas. Co. v. Stockton, supra,* that a notice of cancellation must comply with the plain language of the statute. *See, e.g., Munoz v. New Jersey Auto. Full Ins. Underwriting Ass'n,* 145 N.J. 377, 678 A.2d 1051 (1996); *Moore v. Scottsdale Ins. Co.,* 264 Ga. 808, 450 S.E.2d 198 (1994); *Maine Bonding & Cas. Co. v. Knowlton,* 598 A.2d 749 (Me. 1991); *Pearson v. Nationwide Mut. Ins. Co.,* 325 N.C. 246, 382 S.E.2d 745 (1989); *Barile v. Kavanaugh,* 67 N.Y.2d 392, 494 N.E.2d 82 (1986). Moreover, where the effective date of cancellation is not specified in the notice required by statute, even though that date might be subject to calculation, the high courts of Maine and North Carolina have held that the notice is ineffective. *See Maine Bonding & Cas. Co. v. Knowlton, supra; Pearson v. Nationwide Mut. Ins. Co., supra.*

This latter circumstance approximates what we have in the case before us. The effective date of cancellation was erroneous and the notice, as a consequence, was invalid. The proper date of cancellation may well have been subject to calculation after the fact. But that lends confusion to the process and places the courts in the posture of fixing effective dates of cancellation when, under the statute, that should be the task of the insurance companies. In addition, as has already been underscored in this opinion, strict compliance with the cancellation statute is what is mandated — not substantial compliance — and the error in setting a premature cancellation date flies in the face of that basic requirement.

■ In short, this is not a case where policy language merely requires notice for a certain number of days before cancellation. *See, e.g., Commercial Union Fire Ins. Co. v. King*, 108 Ark. 130, 156 S.W. 445 (1913). This case turns on the statutory mandate that an effective date of cancellation be fixed. An invalid effective date of cancellation voided the cancellation, and the coverage remained in effect.

The order of summary judgment is reversed, and the case is remanded for further proceedings.

NEWBERN, J., dissents.

DAVID NEWBERN, Justice, dissenting. The majority opinion says the cancellation notice was ineffective because it stated the wrong date upon which cancellation would become effective. I find no authority for that statement. Arkansas Code Ann. § 23-89-304(a)(2) (Repl. 1992) does not require the insurer to furnish an "effective date" in its notice of cancellation for failure to pay premium. It merely provides that cancellation shall be effective ten days after notice. According to the statute and to the policy, the notice became effective December 4, 1992. That was prior to the attempt to reinstate the policy and certainly prior to the accident from which the claim arose.

I respectfully dissent.