## Wiley GRUBBS *v.* CREDIT GENERAL INSURANCE COMPANY

96-889                                                 942 S.W.2d 249

Supreme Court of Arkansas
Opinion delivered April 14, 1997

*Callis L. Childs*, for appellant.

*Wright, Lindsey & Jennings*, by: *Kathryn A. Pryor* and *Kristi M. Moody*, for appellee.

PER CURIAM. Appellant Wiley Grubbs moves this court for attorney fees in the amount of $9,268.75, following his successful appeal in this case. *See Grubbs v. Credit Gen. Ins. Co.*, 327 Ark. 479, 939 S.W.2d 290 (1997). In that case, which involved an insurance claim by Grubbs against Credit General, we reversed an order of summary judgment entered in favor of Credit General and remanded the case to the trial court for further proceedings. The two attorneys for Grubbs have attached affidavits to the motion for attorney fees, attesting to their respective fees and further attached affidavits from third-party attorneys, attesting to the reasonableness of the hourly rates charged. Grubbs cites Ark. Code Ann. § 23-79-208 (Repl. 1992), as authority for collecting these attorney fees from an insurance company.

Credit General responds that awarding attorney fees is premature because attorney fees under § 23-79-208 are awarded when the judgment amount against the insurer is within 20 per-

cent of the amount claimed. No judgment has been entered in this matter. Credit General further contends that the amount claimed is excessive and that this litigation is a third-party subrogation action to which § 23-79-208 does not apply.

■ We do not reach the issues of the alleged excessiveness of the fees or application of § 23-79-208 to third-party claims because we agree with Credit General that an award of attorney fees before recovery under the policy is premature. There has been no recovery by Grubbs at this stage but only a remand for further proceedings. Grubbs is entitled to the costs of his successful appeal under Ark. Sup. Ct. R. 6-7(b), but the costs of appeal do not include attorney fees.

The motion is denied without prejudice to raise the issue of attorney fees, if Grubbs is successful in recovering under the policy.

GLAZE, J., not participating.